UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                              No. 01-4990

CARLTON LEE FARMER,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at New Bern.
Malcolm J. Howard, District Judge.
(CR-01-12-HO)

Submitted: July 31, 2002

Decided: November 4, 2002

Before WILKINS, WILLIAMS, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Charles Everett Robinson, ROBINSON LAW OFFICE, Rocky
Mount, North Carolina, for Appellant. Frank D. Whitney, United
States Attorney, Anne M. Hayes, Assistant United States Attorney,
Jane J. Jackson, Assistant United States Attorney, Raleigh, North Car-
olina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Carlton Lee Farmer appeals from his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (2000), and possession of cocaine, in violation of 21 U.S.C. § 844(a) (2000). On appeal, he challenges the sufficiency of the evidence on the felon in possession of a firearm count. Farmer argues that under North Carolina law he was permitted to possess a firearm at his residence, pursuant to the North Carolina Felony Firearms Act, N.C. Gen. Stat. § 14-415.1(a) (1993 & Supp. 1999), and therefore the Government did not prove that he was in violation of 18 U.S.C. § 922(g). We disagree and affirm the conviction.

The North Carolina Felony Firearms Act provides for "the right of any person to have possession of a firearm within his home or on his lawful place of business." N.C. Gen. Stat. § 14-415.1(a). Farmer claims that, because he was permitted to possess the handgun in his home under North Carolina law, he was not a convicted felon within the meaning of § 922(g). Farmer's claim is foreclosed, however, by the Supreme Court's decision in *Caron v. United States*, 524 U.S. 308 (1998).

In *Caron*, the Supreme Court adopted an "all or nothing approach," holding that if the state places any restrictions on the felon's ability to possess a firearm, then his previous conviction falls within the definition of 18 U.S.C. § 921(a)(20) (2000) on which a § 922 conviction may be based. *See id.* at 314-15. The Court upheld Caron's conviction for being a felon in possession of a firearm, even though Caron's firearm possession was legal under Massachusetts law.

Here, the North Carolina Felony Firearms Act prohibits convicted felons whose civil rights have been otherwise restored from possessing handguns outside of their home or lawful place of business. *See*

N.C. Gen. Stat. § 14-415.1(a). This restriction, similar to that at issue in *Caron*, is sufficient to satisfy the requirement of § 922(g).

We therefore affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*